2003 UT App 448

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jonathan HAWKE, Defendant and Appellant.**

**No. 20030676–CA.**

Court of Appeals of Utah.

Dec. 26, 2003.

Jonathan Hawke, Draper, Appellant Pro Se.

Mark L. Shurtleff, Atty. Gen., and Laura B. Dupaix, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, Associate P.J., BENCH and ORME, JJ.

## OPINION

PER CURIAM:

¶ 1 This appeal is before the court on the State's motion to remand the case to determine Appellant's indigence and to appoint counsel.

¶ 2 Appellant Jonathan Hawke was represented by counsel in the district court, where he pleaded guilty to two counts of sexual exploitation of a minor, a second degree felony. After denial of a timely motion to withdraw the guilty pleas, Hawke filed a pro se notice of appeal. On the State's motion, we remanded the appeal to the Third District Court, Tooele Department, "for a determination as to Appellant's indigence and, if so, to appoint counsel or accept defendant's waiver of counsel." Following a November 3, 2003 hearing, the district court found that Hawke is indigent, but stated that "there is no counsel available to represent the defendant because of conflicts." The court also stated that the Court of Appeals may need to appoint counsel.

¶ 3 The Indigent Defense Act contains the requirements and procedures for the provision of counsel for indigent defendants in criminal cases. *See* Utah Code Ann. § 77–32–101 to –704 (1999 & Supp.2003). Utah Code Annotated section 77–32–301 (1999) requires "[e]ach county, city, and town [to] provide for the defense of an indigent in criminal cases in the courts," including, but not limited to, providing counsel to "proceed with a first appeal of right." *Id.* § 77–32–301(5). "Upon making a finding of indigence, the court shall enter the findings on the record and enter an order assigning defense counsel to represent the defendant in the case." Utah Code Ann. § 77–32–202(4) (Supp.2003). A county or municipality shall provide counsel and other defense resources either by contracting with "a legal aid association" or "one or more defense associations or attorneys and qualified defense resources" or by "authoriz[ing] the court to provide the services prescribed by [the Indigent Defense Act] by assigning a qualified attorney in each

case." Utah Code Ann. § 77–32–306(1) (Supp.2003).

¶ 4 When a county or municipality has entered into a contract for indigent defense, "the contracted legal aid association or attorneys ... are the exclusive source from which the legal defense may be provided, *unless the court finds a compelling reason for the appointment of noncontracting attorneys* ... in which case the judge shall state the compelling reason on the record." Utah Code Ann. § 77–32–306(2) (emphasis added). Section 302 describes the hearing procedure for appointment of a noncontracting attorney, by stating:

> If the court considers the assignment of a noncontracting attorney or defense resource to provide legal services to an indigent defendant despite the existence of an indigent legal services contract and the court has a copy or notice of the contract, before the court may make the assignment, it shall:
>
> (i) set the matter for a hearing;
>
> (ii) give proper notice of the hearing to the attorney of the responsible county or municipality; and
>
> (iii) make findings that there is a compelling reason to appoint a noncontracting attorney or defense resource.

Utah Code Ann. § 77–32–302(2)(d) (Supp. 2003). Section 303 further clarifies the procedure for appointment of a noncontracting attorney, stating:

> If a county or municipality has contracted for, or otherwise made arrangements for, the legal defense of indigents, including a competent attorney and defense resources, the court may not appoint a noncontracting attorney or resource either under this part, Section 21–5–14.5 or Rule 15, Utah Rules of Criminal Procedure,[1] unless the court:
>
> (1) conducts a hearing with proper notice to the responsible entity to consider

the authorization or designation of a noncontract attorney or resource; and

(2) makes a finding that there is a compelling reason to authorize or designate a noncontracting attorney or resources for the indigent defendant.

Utah Code Ann. § 77–32–303 (Supp.2003).

¶ 5 If a court appoints a noncontracting attorney or association to provide indigent legal services, "[t]he county or municipality shall pay reasonable compensation to any attorney assigned by the court under Subsection 77–32–306 at the conclusion of the representation or any segment of the representation." *Id.* § 77–32–304.5(2)(a) (Supp.2003). The method for determination of compensation is governed by the detailed provisions of Utah Code Annotated section 77–32–304.5(2) (Supp.2003).

¶ 6 This court's order on remand directed the district court to determine indigency and to appoint counsel if Hawke was determined to be indigent and did not waive representation by counsel. The directions on remand were not completely followed. We cannot determine from the district court's minute entry whether the court considered appointment of noncontracting counsel.[2] Because the Indigent Defense Act sets forth the procedures for appointment of noncontracting counsel, the district court should have utilized those procedures after determining that Hawke is indigent and entitled to counsel, but could not be represented by attorneys who have contracted with Tooele County for indigent defense. Assuming that the district court has determined that no attorneys who have contracted with Tooele County for indigent defense, including any "conflict counsel," may represent Hawke, the court should comply with the procedures set forth in section 77–32–302, section 77–32–303, and section 77–32–306, allowing appointment of a noncontracting attorney. The district court is not limited to attorneys residing in Tooele County. It will then be the responsibility of Tooele County to compensate any appointed

---

1. Utah Code Ann. § 21–5–14.5 (1998), now renumbered as Utah Code Annotated section 78–46–33 (2002), and rule 15 of the Utah Rules of Criminal Procedure primarily pertain to appointment and compensation of expert witnesses.

2. In a letter to this court dated November 7, 2003, Hawke states that the district court could not assign counsel due to conflicts "with the attorneys that belong to the county's public defenders office."

noncontracting attorney in accordance with section 77–32–304.5(2).

¶ 7 The appeal is temporarily remanded to the district court for proceedings consistent with this decision and our order of September 16, 2003.